IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Paul Hamann <br> Plaintiff <br><br> v. <br><br> Donna Dellosso <br> JP Morgan Chase Bank <br> Defendant <br><br> & <br><br> Craig Donohue <br> CME Group <br> Defendant | ) <br> ) <br> ) <br> ) Case Number: <br> ) <br> ) <br> ) Judge: <br> ) <br> ) <br> ) 12CV4242 <br> ) JUDGE GUZMAN <br> ) MAG. JUDGE SOAT BROWN <br> ) <br> ) <br> ) <br> ) |

CIVIL COMPLAINT

RECOVERY OF DAMAGES

MOTION FOR SUMMARY JUDGEMENT

FILED
MAY 30 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Paul Hamann, a customer of MF Global, who TRUSTED SIPC on his STATEMENTS & SEGREGATED account THEORIES about safety, and professed by the CME Group &

Electronic Warrant TITLES, indicating customer OWNERSHIP, from the CME Group &

NO LIENS, on Screen Prints, from the CME Group &

REGULATORY AUTHORITY oversight, by the CME Group &

Banks that were holding Commodity Customer SEGREGATED ACCOUNTS &

ACCOUNTING FIRMS (Ernst & Young and Pricewaterhouse Coopers) approving internal controls, that failed, but they have accepted no liability &

with all those PRECAUTIONS, 37,000 customers had CASH and Securities removed, from their accounts.

## PRELIMINARY STATEMENT

Paul Hamann, the Plaintiff, is asserting that Donna Dellosso and Craig Donohue were accomplices in the MF Global **Fraud.  Fraud** is an intentional deception made to damage another individual.  The Deception involved the false impression, given to the customers and Members of Congress, that the CME Group was actually verifying the location of the customer funds, twice a day, during their audits, when large amounts of money were at risk.

Donna Dellosso and Craig Donohue both had a fiduciary responsibility to maintain the integrity of the Commodity Customer segregated accounts/escrow accounts.

Paul Hamann, was deceived by SIPC, CME Group, and the New York banks, that used inside information, to remove CASH and Securities, from customer accounts, before the Bankruptcy filing, by MF Global.

Paul Hamann believes that the Court should not allow the CME Group, to deceive customers. CME Group should be accessed **TREBLE DAMAGES because of their Willful Blindness when overseeing the Commodity Customer Segregated Accounts. CME Group's actions were deliberate and reckless.**   Obviously, 1.6 billion United States Dollars, of customer money, would not be missing, if they understood the proper protocol when making financial transactions.

Paul Hamann believes that the Court should not allow JP Morgan Chase to shirk their fiduciary responsibility.  The Court should not allow the FRAUD and the removal of CASH, from a segregated account/escrow account, before the Bankruptcy filing, by MF Global.  **TREBLE DAMAGES should be awarded based on Donna Dellosso and Craig Donohue's participation in the fraud.**

## FACTUAL BACKGROUND

EXHIBIT "A"  shows that Donna Dellosso was responsible for the Commodity Customer Segregated Account/Escrow Account held at JP Morgan Chase.

Craig Donohue had the fiduciary responsibility to make sure that the CME GROUP understood the Code of Federal Regulation (CFR) Title 17, Chapter 1, Part 1, Section 1.32 titled, "SEGREGATED ACCOUNT; DAILY COMPUTATION AND RECORD", PARAGRAPH **(c)** that stated, "The daily computations required by this section must be completed by the Futures Commission Merchant prior to noon on the next business day and must be kept, together with all supporting data, in accordance with the requirements of § 1.31," and that the CME Group should have understood the ramifications, of their WILLFUL BLINDNESS, of the Daily Computation and Record.

## ARGUMENT

Point 1 - Paul Hamann used "Reasonable Reliance" that Donna Dellosso and Craig Donohue both were performing their fiduciary responsibility, by maintaining the integrity of the Commodity Customer Segregated Accounts, otherwise 1.6 billion, United States Dollars, of customer money, would not be missing.

Point 2 - If the CME Group would have reviewed, understood, and verified the Daily Computation and Records, then 37,000 customers would not have lost CASH and Securities from their brokerage accounts.

Point 3 - CME Group should pursue their errors and omissions insurance policies to recover the losses sustained by the 37,000 customers referenced above, in Point 2.

Point 4 - If CME Group is unable to understand COMPLEX FINANCIAL TRANSACTIONS then the CME Group should not be allowed to operate in the United States.

Point 5 - If the CME Group is unable to maintain a FAIR MARKET then the CME Group should not be allowed to operate in the United States. **Obviously,** 1.6 billion, United States Dollars, of customer money, would not be missing, if the CME Group understood how a Fair Market worked, and followed the proper PROTOCOLS, when making financial transactions, then the fraud would not have occurred.

Point 6 - Donna Dellosso knew that the money transferred, mentioned in her letter, was to cover an overdraft, and that appropriate collateral would not be returning, because of the overdraft. The proper protocols when making financial transactions were not followed based on Donna Dellosso's letter. Donna Dellosso was an accomplice to the fraud, of the customer CASH, by allowing the 200 million, United States Dollars, to be transferred from the Commodity Customer Segregated Account, under her control.

## THE MOTION

### RECOVERY OF DAMAGES are Granted for the plaintiff.

Donna Dellosso, with J.P. Morgan Chase, shall submit restitution of 600 million, United States Dollars, for her part in the fraud.

Craig Donohue, with the CME Group, shall submit restitution of 1 billion, United States Dollars, for his part in the fraud.

**Summary Judgment is granted in favor of the plaintiff.**

## CONCLUSION

Paul Hamann's request is made on this Six Month Anniversary of the MF Global bankruptcy filing. Paul Hamann believes that the Judge will determine that the **Preponderance of the Evidence is Overwhelming, and that after six Congressional Hearings, that any delaying in this judgment will not be beneficial for the 37,000 customers that had their money at JP Morgan in a Commodity Customer Segregated Account/Escrow Account.**

**IF the Judge would like to spend the next 40 years on discovery motions, then Paul Hamann is ready for the task.**

Dated: May 31, 2012

In the performance of my Civic Duty,

to promote Justice,

and to Protect the Public,

I respectfully submitted this document,

*[signature: Paul Hamann]*

Paul Hamann
511 Beverly
Lake Forest, Illinois
E-Mail: Paul.Hamann.PE@gmail.com

EXHIBIT A

**J.P. Morgan**

**Donna S Dellosso**
Managing Director

October 29, 2011

MF Global Inc.
440 S. LaSalle – 20th Floor
Chicago, IL 60605
Attention: Ms. Edith O'Brien, Assistant Treasurer
Regional Counsel

Dear Edith:

We are writing in reference to the MF Global Inc. Commodity Customer Segregated Account (the "Customer Segregated Account") currently maintained with JPMorgan Chase Bank, N.A. ("J.P. Morgan"). Specifically we are asking that by returning this letter, MF Global Inc. acknowledge and confirm that the transfer and withdrawal made on October 28, 2011 in the amount of $ 200,000,000 transaction number 1787500301JO out of such Customer Segregated Account to a proprietary account of MF Global Inc. and the subsequent transfer to the MF Global UK Ltd. account under transaction number 1792400301JO for the purpose of covering overdraft amounts in accounts with J.P. Morgan represented your actual interest in such funds according to CFTC Regulation 1.23, and were made in accordance with the provisions of the Commodity Exchange Act and the Rules and Regulations of the Commodity Futures Trading Commission ("CFTC") thereunder.

J.P. MORGAN CHASE BANK, N.A.

ACKNOWLEDGED AND AGREED:
MF GLOBAL INC.

By:_____
Name:_____
JPMorgan Chase Bank, N.A. · 270 Park Avenue, New York, NY 10017
Telephone: 212-270-5200
Donna.dellosso@jpmorgan.com